CHRISTOPHER R. CLARKE *et al.*

*v.*

ARTHUR BOYLE.*

1. ERROR WILL NOT ALWAYS REVERSE—*of improper instructions.* Where an instruction professes to set forth the rule fixing the liability of a party, omits an essential element to such liability, but such omission is so clearly supplied by the proof in the case that the error could work no injury, the judgment will not be reversed because of such erroneous instruction.

2. MECHANICS' LIEN—*is a proceeding in chancery and governed by its rules.* A proceeding by petition, to enforce a mechanic's lien, is a chancery

---

*This and the three cases next following were submitted at the June term, 1868, but unavoidably omitted from their proper place in the reports of that term.

proceeding, and governed by the rules of chancery practice; and when the petition waives the sworn answer, although the answer be sworn to, it can not be received in evidence, and has no other or greater weight than an answer not sworn to.

APPEAL from the Court of Common Pleas of the City of Cairo; the Hon. H. K. S. O'MELVENY, Judge, presiding, by agreement of parties.

The opinion states the case.

Mr. S. P. WHEELER and Mr. D. T. LINEGAR, for the appellants.

Messrs. ALLEN & WEBB, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a proceeding to establish a mechanic's lien, brought by Boyle, against Clarke & Heywood, and a decree was pronounced in favor of the petitioner. It is now urged, as a ground for reversal, that the court erred in instructing the jury, if they believed Heywood made the contract for himself and Clarke they should find it to be their joint contract—the instruction being silent as to the authority given by Clarke to Heywood to bind the former. It is true, the instruction was faulty in this respect, but it can have worked the appellants no possible prejudice, for they themselves testify they owned the property in partnership, and, although Heywood made the contract for the building, in the absence of Clarke, yet the latter swears they had agreed to build, and he left it to Heywood to make the contract, and saw the house in process of erection, knowing that he would have to pay the bills, which he had done as fast as possible. Here were both previous authority and subsequent ratification.

It is also objected that the court erred in refusing to instruct the jury that the sworn answer of the defendants was to be

taken as evidence. The petition waived the oath of the defendants, and the complainant had the right to do this. This is essentially a chancery proceeding, and the 21st section of the chancery code, allowing complainants to waive the oath to an answer, must be held to apply.

The decree must be affirmed.

*Decree affirmed.*